**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4052

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STUART CLAY MCDONALD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:22-cr-00051-CMH-1)

Submitted:  February 10, 2025                    Decided:  March 18, 2025

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Ann Mason Rigby, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Annie Zanobini, Assistant United States Attorney, Vetan Kapoor, Assistant United States Attorney, Alexandria, Virginia, Kevin Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stuart Clay McDonald pled guilty, without a plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  McDonald was subsequently sentenced to an aggregate 72-month prison term, to be followed by 10 years of supervised release.  The district court also imposed a preliminary order of forfeiture authorizing the Government to seize a Seagate hard drive from McDonald's computer.  On appeal, McDonald asserts that the preliminary order of forfeiture should be vacated because (1) the hard drive also contained legally possessed data that is not forfeitable under 18 U.S.C. § 2253(a)(3); (2) neither the hard drive nor the legally possessed data are forfeitable under 18 U.S.C. § 2253(a)(1); and (3) the order violates the Eighth Amendment.  Finding no error, we affirm.

The statute at issue in this appeal provides, in part, that any person convicted under § 2242 "shall forfeit to the United States such person's interest in—(1) any visual depiction described in section . . . 2252 . . . , or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction . . . ; [and] . . . (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property."  18 U.S.C. § 2253(a).  In this case, McDonald stipulated that the Seagate hard drive contained 156 videos and images depicting prepubescent and pubescent minors engaged in sexually explicit conduct.  And as this court recently explained, the inclusion of the phrase "any other matter" in § 2253(a)(1) "was deliberately broad so as to serve as a catchall to encompass devices or

media that could hold or contain visual depictions of child pornography." *United States v. Sanders*, 107 F.4th 223, 228 (4th Cir. 2024). The court also "conclude[d] that in the context of § 2253(a)(3), 'property' can only mean the entire device used to commit the offense, including the image files stored on it." *Id.* at 231. We thus reject McDonald's challenges to the legality of the preliminary order of forfeiture under § 2253(a).

We also reject McDonald's argument that the preliminary order of forfeiture violates the Eighth Amendment. Because McDonald raises this issue for the first time in this court, we review the issue for plain error. *Sanders*, 107 F.4th at 232. "Under that standard, [McDonald] may not obtain relief unless: (a) the error was plain; (b) the error affected substantial rights, meaning that there is a reasonable probability that, but for the error, the outcome of the proceedings would have been different; and (c) the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *United States v. Heyward*, 42 F.4th 460, 465 (4th Cir. 2022) (internal quotation marks omitted). "This standard is difficult to satisfy." *Id.* (internal quotation marks omitted).

As we recognized in *Sanders*, "[i]t is now well-established that criminal forfeiture is punishment subject to the Excessive Fines Clause of the Eighth Amendment." 107 F.4th at 232. "And the touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Id.* (cleaned up). "If it is grossly disproportional to the gravity of a defendant's offense, a criminal forfeiture violates the Eighth Amendment." *Id.* (cleaned up).

3

To determine whether forfeiture is "grossly disproportional," this court "consider[s] four factors: (1) the amount of the forfeiture and its relationship to the authorized penalty; (2) the nature and extent of the criminal activity; (3) the relationship between the charged crime and other crimes; and (4) the harm caused by the charged crime." *Id.* (internal quotation marks omitted). We have considered these factors as they pertain to the McDonald's preliminary order of forfeiture and crimes of conviction and conclude that McDonald has not established error, let alone plain error, by the district court. Indeed, although McDonald claims that "the contents of the hard drive was incalculable" (Appellant's Br. (ECF No. 15) at 47), he "has provided no evidence to establish that the value of the forfeited data nears, much less exceeds, the authorized fines for the conduct," *Sanders*, 107 F.4th at 233; *see also id.* (explaining that, as it pertains to the gravity of the harm caused by the crimes of conviction, "[c]ourts have consistently recognized that child pornography offenses of this type are serious offenses that cause substantial harm").

Based on the foregoing, we affirm the criminal judgment and the preliminary order of forfeiture. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*